IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

USDC- GREENBELT
'22 MAR 7 PM 1:08

)
)
Stephen Price                                )
6736 Quiet Hours              )
Columbia, Maryland 21045          )
)
                    Plaintiff,    )
)
    V.                            )
)
Howard County Public School       )
System                            )        Civil Action No:
10910 Clarksville Pike            )
Ellicott City, MD 21042           )        GLR 22CV0541
)
Howard County Board of Education  )
10910 Clarksville Pike            )
Ellicott City, MD 21042           )
)
Dr. Michael J. Martirano          )
10910 Clarksvile Pike             )
Ellicott City, MD 21042           )
)
Mark Blom                         )
10910 Clarksville Pike            )
Ellicott City, MD 21042           )
)
David Larner                      )
10910 Clarksvile Pike             )
Ellicott City, MD 21042           )
)

Pamela Murphy                          )
10910 Clarksvile Pike                  )
Ellicott City, MD 21042                )
                                       )
Josh Wasliweski                        )
6101 Old Dobbin Lane                   )
Columbia, MD 21042                     )
                                       )
Richard Smart                          )
10910 Clarksvile Pike                  )
Columbia, MD 21042                     )
                                       )
Christina Renee Bos                    )
10910 Clarksville Pike                 )
Ellicott City, MD 21042                )
                                       )
Ann Roy                                )
10910 Clarksville Pike                 )
Ellicott City, MD 21042                )
                          Defendants.  )
_____ )


## COMPLAINT AND DEMAND FOR JURY TRIAL


The Plaintiff, Stephen Price, Plaintiff, an African American male, brings this

lawsuit against the Howard County Public School System (HCPSS); Howard County Board of

Education (Board); Michael Martirano ("Martirano" or "Defendant(s)"; Richard Smart

("Smart"or "Defendant(s)"; Ann Roy (Roy or "Defendant(s)"; Mark Blom ("Blom" or

"Defendant(s)"; David Larner ("Larner" or "Defendant(s)"; Josh Wasilewski ("Wasilewski" or

"Defendant(s)";  Howard County Education Association ("HCEA" or "Defendant(s)"), and states the following in good support of this Complaint:

## NATURE OF THE ACTION

1.        This is a 42 U.S. Code § 1983 federal civil rights case under the First Amendment of the United States Constitution as applied to the States under the United States Constitution's Fourteenth Amendment for the Defendants' individual and collective personal, malicious, and unlawful violations under the color of state law of the Plaintiff's  constitutional right to free speech.

2.        Additional claims are brought under The Americans with Disabilities Act (ADA), 42 U.S.C. §§12101 *et seq.* as well as Title VII of the Civil Rights Act of 1964, as amended.

3.        The Defendants committed these unlawful violations of the Plaintiff's constitutional and states rights under color of state law in bad faith and with malicious purpose in reckless, wanton and willful disregard of the Plaintiff's human and property rights.

## I.        JURISDICTION AND VENUE

4.        The Plaintiff  brings this action pursuant 42 U.S.C. § 1983 for violations of civil rights under the First and Fourteenth Amendments to the United States Constitution as well 1990 the Americans with Disabilities Act of  and Title VII of the Civil Rights Act of 1964, as amended.

5. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights); 28 U.S.C. § 1367 provides supplemental jurisdiction over the state law tort claims that arose from the same common nuclei of facts.

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §

1391(b). Plaintiff's primary employment was in this district and division, and Defendants'

independent and collective malicious and unlawful violations under color of state law of

Plaintiff's constitutional rights giving rise to the claims herein accrued within this district and

division.

7.      At all material times, Defendants committed these unlawful violations under color

of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of

Plaintiffs' human and property rights.

## II.      FACTUAL ALLEGATIONS

8.      This issue is a matter of great public concern. As a public school system, the

Howard County Public School System and its Board of Education implement formal and

informal policies, practices and procedures that have a great impact upon its students and

employees. This particular State conduct would be characterized as outrageous by any ordinary

member of society.

9.      The Defendants retaliated against the Plaintiff's exercise of free speech rights.

10.      In November 2018,  the Plaintiff assigned a project  to his American Government

classes. The project required the students to choose a debate topic from the International Debate

Education Association's list of the top 100 debates. Prior to the debates, the Plaintiff advised

students that any comments made during the debate were being made for the purpose of the

assignment. The Plaintiff expressed that the ideas presented did not represent the true beliefs of

the parties involved as students had to debate both sides of the issues presented. After the

students presented debates, some students complained about the Plaintiff providing quotes from

prominent politicians and leaders which provided varying perspectives about the "Right to Marriage."

11.     On November 13, 2018, the Plaintiff was accused of making racially- motivated comments about Asians when he mentioned biases that people have against Asian drivers as part of a debate activity.

12.     On November 13, 2018, the Plaintiff was also accused of making false, hateful and disparaging comments about homosexuality, and gay and lesbian individuals as part of a debate modeling exercise.

13.     On November 14, 2018, the Plaintiff was asked to attend a due process meeting regarding the statements made during the debate exercises. The Plaintiff explained that students were allowed to choose their topics. The Plaintiff explained that he played the role of devil's advocate and provided students with examples of biases and opposing points of view.

14.     In November 2018, Josh Wasilewski, principal of Long Reach High School, accused the Plaintiff of showing various educational videos in class which shared a perspective of violence toward African Americans at the hands of the police.

15.     The decision to use this video was challenged by administrators, Josh Wasilewski and Richard Smart, vice principal, who are Caucasian. As a result,the Plaintiff received - a letter of reprimand.

16.     The Plaintiff spoke with other teachers who used the same video as a learning tool in their classroom and they were not disciplined.

17.     On January 10, 2019, Josh Wasilewski, issued a letter of reprimand to the Plaintiff for comments made during the November 2018, debate project.

18.     In January 2019, Lisa Milak, teacher at Long Reach High School, reported to the administration that the Plaintiff was teaching the police brutality activity.

19.     The Plaintiff had taught the same police brutality activity every year; it had been taught for at least 6 years. The same videos were shown for six years. It was never a problem before.

20.     On February 5, 2019, the Plaintiff filed a grievance as a member of the Howard County Education Association (HCEA).

21.     Josh Lenes, Uniserve Director, advised the Plaintiff that if he went through with the grievance, he would be subject to an even greater hostile work environment.

22.     The Plaintiff filed the grievance anyway.

23.     Mr. Wasilewski denied the Plaintiff's grievance at step 1.

24.     The grievance moved to Pamela Murphy, Director of Staffing for the Howard County Public School System. Ms. Murphy denied the grievance as well at step 2.

25.     Josh Lenes advised the Plaintiff that he could not take his grievance forward   to step 3 because the Howard County Education Association (HCEA) refused to pay for it.

26.     The Plaintiff complained to Howard County Public School System administrators about a hostile work environment.

27.     In March 2019, the Plaintiff requested a transfer to another school.  His request was denied.

28.     On or about April 16, 2019, the Plaintiff filed an official complaint with the Howard County Public School System (HCPSS) Office of Equity Assurance pursuant to  HCPSS Policy 1010 which prohibits discrimination and bullying among other things against Lisa Milak, and Alison Sneller.

5

29.    The Plaintiff was told by the HCPSS Equity Officer, Anne Roy, that he should not file his complaint because it may get Principal Wasilewski or Vice Principal Smart in serious trouble and if the information got out the Principal and Vice Principal would create a more hostile situation for the Plaintiff.

30.    The Plaintiff felt pressured to withdraw his complaint. The Plaintiff lacked confidence that Ms. Roy would properly investigate the Complaint.

31.    In May 2019 the Plaintiff withdrew the complaint.

32.    On June 5, 2019, the Plaintiff received a letter of reprimand for completing the police brutality activity with his students. He was also accused of insubordination regarding meetings.

33.    On August 26, 2019, the Plaintiff sought medical attention . He was diagnosed with Major Depressive Disorder and Generalized Anxiety Disorder.

34.    In August 2019, the Plaintiff took FMLA medical leave due to Howard County Public School administrators continued harassment and retaliation.

35.    On or about November 5, 2019, the Plaintiff returned to work as a teacher at Long Reach High School. The Plaintiff provided the Howard County Public School System with documentation that advised he should be afforded ADA accommodations in the workplace.

36.    In November 2019,  the Plaintiff showed two brief  movie clips from the movie *Amistad* to his African-American History class. During the same month, the Plaintiff witnessed a white male teacher showing the entire movie, *Gladiator* to the Modern World History class.

37.     Alison Sneller, a teacher at Long Reach High School, saw that the Plaintiff was showing the movie clips and stood outside the door to intimidate the Plaintiff about his decision to show movie clips of *Amistad* as a part of my classroom instruction.

38.     Assistant Principal Smart told the Plaintiff that the County may not be ready for material such as *Amistad* and specifically described all of African-American history as a "Controversial Issue."

39.     Mr. Smart requested that the Plaintiff show him parts of the movie that he planned to show the class, so he could screen them. No such conversation occurred as to the movie *Gladiator* which was shown by a white teacher to the class.

40.     On about November 5, 2019, Richard Smart told the Plaintiff that he would be on a full evaluation cycle and that he would be put on a Performance Action Plan regarding the teaching of Controversial Issues despite the fact that he had no prior ineffective ratings and/or unsatisfactory classroom observations. The Plaintiff is a tenured professor.

41.     When the Plaintiff inquired as to why he was being put on an action plan contrary to the established guidelines, the Plaintiff was told that HCPSS could do it and they would not explain a basis or rationale as to why they could.

42.     The Plaintiff was instructed that the action plan was not disciplinary despite its obvious disciplinary intent and provided no basis as to why it was not disciplinary despite his requests.

43.     Pamela Murphy's implementation of the action plan without cause resulted in several additional instances of discipline such that it is being used as another vehicle by which to discipline the Plaintiff without just cause.

44.     Action plans have a general reputation for being used in this manner, making it easier to terminate African American teachers.

45.     The Plaintiff requested a transfer to another school.

46.     The Howard County Board of Education changed the Board policy without notice such that a teacher cannot apply for a transfer if they are on an action plan, making the action plan even more disciplinary.

47.     The Plaintiff told Howard County Public School System general counsel, Mark Blom, that he believed that decisions were being made based upon colorism (his dark complexion) and race. The Plaintiff advised that he felt that he was working in a hostile work environment.

48.     David Larner, Chief Human Resources and Professional Development Officer, promised the Plaintiff he would consider a transfer to a different school. However, Mark Blom advised there was no evidence of a hostile work environment nor discrimination.

49.     The assistant principal from Hammond High called and told the Plaintiff that a position was available. The Plaintiff called and left a message stating that he was interested in taking the position. The Plaintiff never heard anything about the position again; there was no response to his message.

50.     The Plaintiff is aware of a former white colleague who was allowed to transfer due to a hostile work environment.

51.     Due to the stress the Plaintiff experienced at work, he developed medical issues which were continuously exacerbated by the hostile work environment.

52.     The Plaintiff sought additional medical attention. He requested that his approved ADA accommodations be implemented to help him cope with his work situation.

53.    The Plaintiff submitted his request for ADA accommodations to the Howard County Public School System a second time.

54.    David Larner, Chief Human Resources and Professional Development Officer, refused to provide the Plaintiff with the ADA accommodations that were afforded to him.

55.    The Howard County Public School System sent the Plaintiff a response to his ADA request which stated that the school system is not required to accommodate his disability.

56.    Richard Smart ignored the recommended ADA accommodations and required the Plaintiff to attend additional meetings and complete additional work.

57.    The Plaintiff was reprimanded for not being able to complete tasks due to his disability.

58.    On December 4, 2019, the Plaintiff requested that Richard Smart reschedule a meeting in consideration of his request for reasonable accommodations.

59.    The Plaintiff attended a meeting with Mr. Smart on December 9, 2019, to discuss matters that were intended to be discussed in the December 4, 2019, meeting.

60.    On January 10, 2020, Mr. Wasilewski issued a letter of reprimand because the Plaintiff did not attend the December 4, 2019, meeting which he requested to be rescheduled.

61.    In November 2019, the Plaintiff complained to assistant principal Richard Smart that two White colleagues were gossiping and spreading rumors that the Plaintiff called a Black student a burnt marshmallow and that he told a Muslim student to go home on his magic carpet.

62.    After hearing the rumors the Plaintiff approached administration and was told by Mr. Smart that he could file a complaint against his colleagues.

63.    In January 2020, the Howard County Public School System denied his request for reasonable accommodation again.

64.    In February 2020, the Plaintiff provided the Howard County Public School System with medical notification that stated that he needed an aide to assist him.

65.    In February 2020, the Howard County Public School System denied the Plaintiff's reasonable accommodation request for an aide.

66.    The Plaintiff continued to raise concerns about rumors of him having had an altercation with a student. The administration ignored the Plaintiff's concerns.

67.    The Plaintiff raised concerns over his belief that he was being racially stereotyped and showed bias due to his race and color of his skin.

68.    On February 21, 2020, the Plaintiff was issued a letter of reprimand for allegedly failing to comply with the Performance Action Plan.

69.    In March 2020, the Howard County Public School System converted to distance learning due to the Covid 19 pandemic.

70.    Mr. Wasilewski and Mr. Smart advised the Plaintiff that he would continue to be on a Performance Action Plan during the distance learning session.

71.    In May 2020, the Plaintiff filed a complaint with the Howard County Office of Human Rights and Equity and the Equal Employment Opportunity Commission.

72.    The Plaintiff's school issued laptop computer broke in August 2020.

73.    The Plaintiff sent the laptop to the Howard County Public School system for repair.

74.    There were problems with Google Meet and county-wide connectivity issues during distance learning.

75.    As a result of connectivity issues the Plaintiff was unable to access some meetings. Although administrators were aware of the connectivity issues Christina Bos, Howard

County Social Studies Department Head, continued to "observe" the Plaintiff during virtual

sessions. Ms. Bos gave the Plaintiff an unsatisfactory rating because the  day she "observed" the

Plaintiff was giving an assessment during her virtual visit.

76.     On January 12, 2021, the Plaintiff received an email from Mr. Wasilewski which

stated that he was being recommended for termination.

77.     On January 15, 2021, the Plaintiff, Christina Bostick, his private counsel, Dr.

Theo Cramer, Area Superintendent, Annis Dennis, the Superintendent's designee, Pamela

Murphy, Director of Staffing, and Josh Wasilewski met in a virtual meeting to discuss the

allegations related to the recommendation to terminate the Plaintiff.

78.     The Plaintiff was advised that the virtual meeting was his opportunity to share his

side of the story. However, the Plaintiff had not been provided with any specifics about the issues

he was being accused of that warranted his termination.

79.     The Plaintiff asked for the specific details of the allegations, but he was not

provided the information.

80.     The Plaintiff was not provided a fair opportunity to defend himself against the

unknown allegations. No specific details about any wrongdoing was provided to the Plaintiff.

81.     There was no investigation completed by the Howard County Board Education or

the Howard County Public School System into the allegations made about the Plaintiff.

82.     On or about February 10, 2021, the Plaintiff received a letter from Dr. Michael J.

Martirano, Superintendent of Howard County Public Schools, which stated that he recommended

the Plaintiff was being suspended without pay and that he recommended termination based upon

the information provided at the January 15, 2021, meeting.

83.     The letter included several false allegations and misrepresentations that were not provided to the Plaintiff during the virtual meeting. The letter cited insubordination, willful neglect of duty, misconduct in office, and incompetence. None of those issues were mentioned during the virtual meeting.

84.     On or about February 17, 2021, the Plaintiff requested a hearing regarding the recommendation to terminate. Under the law, the hearing should occur promptly.

85.     On February 22, 2021, the Plaintiff spoke to Kathleen Hanks, Administrator for the Howard County Board of Education. Mrs. Hanks confirmed the Plaintiff's request for a hearing. However, she advised the Plaintiff that his case was a "circumstantial case" and that scheduling a hearing could "take a while".

86.     Mrs. Hanks refused to provide the Plaintiff with clarification about what she meant by scheduling could "take a while".

87.     A hearing was finally scheduled for April 27, 2021. The Plaintiff arrived for the hearing; however, no hearing took place. The Plaintiff arrived and Kathleen Hanks advised him that the hearing had been canceled.  This was a violation of due process.

88.     Although there had not been a hearing, the Plaintiff received a letter dated August 3, 2021, stating that the Howard County Board of Education upheld his termination. The Plaintiff has been unlawfully deprived of his pay since February 2021.

89.     These violations and deprivations under color of state law are actionable under and may be redressed by 42 U.S.C. §1983. Plaintiffs will seek their attorneys' fees and costs under 42 U.S.C. §1988 if and when they prevail.

## III.     COUNTS

## COUNT I: § 1983 CLAIM OF RETALIATION

90.    The Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

91.    The Defendants personally, maliciously and under the color of state law deprived the Plaintiff of his rights due to his participation in protected activity.

92.    The Defendants personally, maliciously, and under color of state law deprived Plaintiff of Plaintiff's rights under the First Amendment to the United States Constitution, which are secured through the Fourteenth Amendment, by maliciously retaliating against Plaintiff for Plaintiff exercising his constitutional right of free speech and academic freedom.

93.    In depriving Plaintiffs of these rights, Defendants committed these unlawful violations under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiffs' human and property rights.

94.    This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

## COUNT II: Violation of 42 U.S.C. §§12101 *et seq.*

95.    The Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.

96.    The Defendants personally, maliciously and under the color of state law deprived the Plaintiff of his rights to reasonable accommodations.

97.    In depriving Plaintiffs of these rights, Defendants committed these unlawful violations under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiffs' human and property rights.

98.    This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

13

**COUNT III: Violation of Title VII of the Civil Rights Act of 1964**

99.     The Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this complaint.paragraphs in this complaint.

100.     The Defendants personally, maliciously and under the color of state law deprived the Plaintiff of his rights  based upon his race.

101.     In       depriving Plaintiffs of these rights, Defendants committed these unlawful violations under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiff's human and property rights.

102.     This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

<u>RELIEF REQUESTED</u>

WHEREFORE, the Plaintiff respectfully requests the following relief:

A.     Plaintiffs re-alleges and incorporates by reference all of the preceding paragraphs in this complaint,

B.     Trial by jury on all issues so triable;

C.     Back pay

D.     General and special compensatory damages;

E.     Injunctive relief ordering the Howard County Public School sSystem and the Howard County Board of Education to reinstate the Plaintiff.

F.     Award to Plaintiffs of reasonable attorneys' fees and costs incurred in connection with this action from the Defendants pursuant to 42 U.S.C. §1988;

G.     Such further and different relief as is just and proper or that is necessary to make the Plaintiff whole.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed today, on Monday, March 7, 2022, the foregoing with

the  United States District Court for the District of Maryland which will send notification of such

filing to all persons registered for this case, including the Defendants' counsel.


_____
                                        Pro Se
                            6736 Quiet Hours
                      Columbia, Maryland 21045
                  Email: Priceless1071@gmail.com
                         Phone: 240-535-1600